UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

------------------------------X

| | | |
|---|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, | : | Case No.: 1:24-cv-2595 |
| *Petitioner*, | : | |
| v. | : | **PETITION TO CONFIRM AND ENFORCE FINAL ARBITRATION AWARD** |
| VOICE TELE SERVICES INC., | : | |
| *Respondent*. | : | |

------------------------------X

    Petitioner, National Union Fire Insurance Company of Pittsburgh, PA ("**NUFIC**"), by and through its counsel, brings this petition to confirm and enforce a final and binding arbitration award dated April 7, 2023 (the "**Final Award**") rendered against Respondent Voice Tele Services Inc. ("**VTS**") in an American Arbitration Association arbitration captioned AAA No. 01-21-0016-0974 (the "**Arbitration**").  The Final Award is attached as Exhibit 1 to the Declaration of Kurt W. Hansson dated April 4, 2024 (the "**Hansson Declaration**").  The Final Award was issued by a duly appointed and authorized sole arbitrator, Mr. Mark C. Morril, in New York City, New York, pursuant to a valid and enforceable arbitration agreement memorialized in the (a) underlying international trade credit insurance policy between NUFIC and VTS, and (b) Parties' joint letter agreement to the American Arbitration Association dated September 2, 2021 (the "**Arbitration Agreement**").  *See* Hansson Decl. Exhibits 2 and 3.

    This Petition is supported by the accompanying Memorandum of Law and the Hansson Declaration, together with its exhibits.  In support of its Petition, NUFIC respectfully states as follows:

## SUMMARY OF PETITION

1. NUFIC brings this petition pursuant to Chapter 2 of the Federal Arbitration Act ("**FAA**"), 9 U.S.C. §§ 201 *et seq.*, which, in relevant part, codifies the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 330 U.N.T.S. 38 (the "**New York Convention**"). In accordance with 9 U.S.C. § 207 and Article III of the New York Convention, NUFIC petitions this Court to confirm and enforce the Final Award, with which VTS has refused to comply.

2. Accordingly, NUFIC requests that this Court: (1) incorporate the terms of the Final Award into a judgment in favor of NUFIC; (2) order VTS to pay post-award, pre-judgment interest at the statutory rate prescribed under 28 U.S.C. § 1961; (3) order VTS to pay post-judgment interest at the statutory rate prescribed under 28 U.S.C. § 1961; (4) order pre-judgment discovery pursuant to Fed. R. Civ. P. Rule 64 and New York CPLR § 5229 prior to confirming the Final Award, or in the alternative, retain jurisdiction after confirming the Final Award to grant pre-judgment discovery; (5) order the attachment of any assets identified in pre-judgment discovery pursuant to Fed. R. Civ. P. Rule 64 and New York CPLR § 5229 prior to confirming the Final Award, or in the alternative, retain jurisdiction after confirming the Final Award to grant pre-judgment attachment of any assets identified in the pre-judgment discovery; and (6) grant all further relief that this Court may deem just and proper.

## PARTIES

3. Petitioner NUFIC is a Pennsylvania company with its principal place of business at 1271 Avenue of the Americas, Floor 37, New York, New York 10020. NUFIC was the sole respondent in the Arbitration.

4. Upon information and belief, Respondent VTS is a corporation that is incorporated in Pennsylvania and has its principal place of business at 1701 Walnut Street, 8th Floor, Philadelphia, PA 19103. Upon on information and belief, VTS is an intermediate telecommunications wholesale carrier of Voice of Internet Protocol ("**VoIP**") long distance minutes and data minutes. VTS was the claimant in the Arbitration that resulted in the Final Award, with which VTS has refused to comply.

## JURISDICTION AND VENUE

5. In accordance with the Parties' Arbitration Agreement, the Final Award was made in New York, New York by sole arbitrator Mr. Mark C. Morril following an evidentiary hearing conducted in New York, New York.

6. This Court has subject matter jurisdiction over this proceeding pursuant to Section 203 of the FAA, which provides that:

> An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States (including the courts enumerated in section 460 of title 28) shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy.

9 U.S.C. § 203.

7. This action "fall[s] under the Convention" because, as further described below and in the accompanying Memorandum of Law, the Final Award arises out of a commercial relationship between NUFIC and VTS that (a) envisages performance abroad and/or (b) has a reasonable relationship with one or more foreign states. *See* 9 USC §§ 202-203.

8. This Court has personal jurisdiction over VTS because the Parties' Arbitration Agreement expressly designated New York, New York as the legal seat of the Arbitration and VTS participated fully in the Arbitration in New York, New York. *See Alstom Brasil Energia e Transporte Ltda. v. Mitsui Sumitomo Seguros S.A.*, 15 Civ. 8221 (AKH), 2016 WL 3476430, at *5 (S.D.N.Y. June 20, 2016) ("It is well-settled that federal courts applying New York law have personal jurisdiction over parties that agree to arbitrate their disputes in New York. Such a designation functions as the party's consent to jurisdiction, because to hold otherwise would be to render the arbitration clause a nullity.") (cleaned up); *see also* N.Y. C.P.L.R. § 302(a)(1); *Sole Resort, SA. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 104 (2d Cir. 2006) ("New York contacts underlying a contract that provides for arbitration have the requisite relationship under section 302(a)(1) to a claim challenging the results of that arbitration.").

9. Venue is proper in this judicial district pursuant to section 204 of the FAA because the Southern District of New York "embraces the place designated in the [arbitration] agreement as the place of arbitration," namely New York, New York. 9 U.S.C. § 204; *see also Doctor's Assocs. v. Stuart,* 85 F.3d 975, 983 (2d Cir. 1996) ("A party who agrees to arbitrate in a particular jurisdiction consents not only to personal jurisdiction but also to venue of the courts within that jurisdiction.").

**FACTUAL BACKGROUND**

10.     The Arbitration arose out of an insurance coverage dispute involving an international trade credit insurance policy, written on a "Domestic and Export Credit Insurance Shipments Form," that NUFIC issued to VTS for the period July 1, 2020 to July 1, 2021 (the "**Policy**").  In seeking insurance coverage from NUFIC, VTS represented that it was an intermediate wholesale telecommunications carrier of VoIP voice and data minutes operating in a "complex international telecommunications business setting."  *See* Hansson Decl., Exhibit 1 at 11-12 and 51.

11.     In a wholesale VoIP transaction, "a call, particularly an international call, is routed from a beginning point caller across several carriers… until eventually the call 'terminates' at the end point."  *Id.* at 11.  According to VTS, VTS operated as one of those intermediate carriers responsible for facilitating the completion of those calls to their final destination, typically in developing nations.  The Policy that VTS sought and ultimately obtained from NUFIC provided coverage for VTS's international wholesale VoIP transactions with an enumerated group of domestic and international customers located in the United States, Hong Kong, Romania, Switzerland, and the United Kingdom.  *See* Hansson Decl., Exhibit 2 at 15 (Policy Endorsement No. 1 (enumerating the customer countries covered under the Policy)).

12.     In or around November 2020, VTS filed multiple claims under the Policy in connection with invoices for telecommunications services that VTS alleged its customers never paid (the "**Claimed Transactions**").  Each of these Claimed Transactions allegedly involved VTS's purchase and sale of international wholesale VoIP minutes that ultimately terminated in Zambia.

13. After a thorough investigation, in May 2021, NUFIC concluded that, for numerous reasons, VTS was not entitled to reimbursement for any of the Claimed Transactions and, further, that the Policy was void and all premiums paid to NUFIC were forfeited. *Id.* at 31.

14. On August 10, 2021, VTS initiated an arbitration with the American Arbitration Association pursuant to the Policy's Arbitration Agreement memorialized in Article VI.C of the Policy (as amended by Endorsement 5 of the Policy). *See* Hansson Decl., Exhibit 2 at 12, 19-20. By joint letter to the American Arbitration Association dated September 2, 2021, the Parties subsequently confirmed that the legal seat of the Arbitration would be New York City and that any hearings would be conducted in New York City. *See* Hansson Decl., Exhibit 3.

15. In accordance with the Arbitration Agreement, the Parties selected Mr. Mark C. Morril as the duly appointed and authorized sole arbitrator.

16. Following several rounds of pre-hearing briefing and reciprocal document disclosure, a final evidentiary hearing was conducted before Mr. Morril in New York City from October 19, 2022 to October 20, 2022.

## THE ARBITRATION AWARD

17. Mr. Morril issued the Final Award on April 7, 2023 in favor of NUFIC. *See* Hansson Decl., Exhibit 1. In the Final Award, Mr. Morril rejected all of VTS's claims and ruled that NUFIC's denial of coverage and voidance of the Policy was justified. *Id.* at 53-54.

18. The Final Award also rejected VTS's claims for attorneys' fees and arbitration costs in its entirety, and, instead, awarded NUFIC a net total of US$345,836.50 in fees and costs from VTS.

19. Despite several demands for payment from NUFIC, VTS has not paid the US$345,836.50 awarded to NUFIC in the Final Award.

## COUNT ONE

**(Confirmation and Enforcement of Arbitral Award Under 9 U.S.C. § 207)**

20. NUFIC repeats and incorporates each and every allegation in the preceding paragraphs 1 through 19, as if fully set forth within.

21. The Final Award is subject to the New York Convention, because the Final Award arises out of a commercial relationship between the Parties that envisages performance abroad and/or has a reasonable relationship with one or more foreign states.  9 USC §§ 202-203.

22. Consistent with the Parties' Arbitration Agreement, the Final Award was made at the place of arbitration designated in that Arbitration Agreement, *i.e.*, New York City, New York, by a duly appointed sole arbitrator.

23. The New York Convention, incorporated into 9 U.S.C. § 201, requires that the party applying for confirmation shall, at the time of its application, submit: "(a) [t]he duly authenticated original award or a duly certified copy thereof; [and] (b) [t]he original agreement referred to in article II or a duly certified copy thereof." Article IV, New York Convention.  These requisite documents are attached as Exhibits 1 to 3 to the Hansson Declaration.

24. Pursuant to 9 U.S.C. § 207, NUFIC has brought this petition within three years after the Final Award was made on April 7, 2023.

25. 9 U.S.C. § 207 provides that, in an action to confirm an arbitral award governed by the New York Convention, the "court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention."

7

As demonstrated further in the accompanying Memorandum of Law, none of the New York Convention's enumerated grounds for refusing or deferring recognition or enforcement apply to the Final Award. In sum, the Final Award is fully and immediately enforceable as a final and binding arbitration award.

26. By reason of the foregoing, the Court should issue an order confirming and enforcing the Final Award and direct that judgment be entered thereon.

## PRAYER FOR RELIEF

**WHEREFORE**, NUFIC respectfully requests that this Court:

(i) Issue an order confirming and enforcing the terms of the Final Award and entering judgement thereon;

(ii) Issue an order requiring VTS to pay post-award, pre-judgment interest on the total amount of US$345,836.50 owed to NUFIC pursuant to the Final Award, as from the date the Final Award was transmitted to the Parties (*i.e.*, April 7, 2023) until such time as judgment is entered on the Final Award, at the rate and in the manner prescribed by 28 U.S.C. § 1961;

(iii) Issue an order requiring VTS to pay post-judgment interest on the total amount of US$345,836.50 owed to NUFIC pursuant to the Final Award, as from the date judgment is entered on the Final Award until such time as VTS pays this amount in its entirety, at the rate and in the manner prescribed by 28 U.S.C. § 1961;

(iv) Issue an order allowing pre-judgment discovery pursuant to Fed. R. Civ. P. Rule 64 and New York CPLR § 5229 prior to confirming the Final Award, or in the alternative, retain jurisdiction after confirming the Final Award to grant pre-judgment discovery;

(v)     Issue an order allowing attachment of any assets identified in pre-judgment discovery pursuant to Fed. R. Civ. P. Rule 64 and New York CPLR § 5229 prior to confirming the Final Award, or in the alternative, retain jurisdiction after confirming the Final Award to grant pre-judgment attachment of any assets identified in the pre-judgment discovery; and

(vi)     Award NUFIC such other and further relief that this Court deems just and proper.

Dated: April 5, 2024

Respectfully submitted,

PAUL HASTINGS LLP

/s/ *Kurt W. Hansson*

Kurt W. Hansson
200 Park Avenue
New York, NY 10166
Tel: (212) 318-6000
Fax: (212) 319-4090
kurthansson@paulhastings.com

Joseph R. Profaizer (*Pro Hac Vice* Forthcoming)
Adam J. Weiss (*Pro Hac Vice* Forthcoming)
2050 M Street NW
Washington, DC 20036
Tel: (202) 551-1700
Fax: (202) 551-1705
joeprofaizer@paulhastings.com
adamweiss@paulhastings.com

*Attorneys for Petitioner*
*National Union Fire Insurance Company of Pittsburgh, PA*