USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/19/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

                Petitioner,

-against-

VOICE TELE SERVICES INC.,

                Respondent.

24-CV-02595 (MMG)

**MEMORANDUM OPINION AND JUDGMENT**

---

MARGARET M. GARNETT, United States District Judge:

On April 5, 2024, Petitioner National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("Petitioner") filed a Petition to Confirm and Enforce Final Arbitration Award (the "Petition") to confirm the April 7, 2023 arbitration award (the "Award"). *Id*. On April 5, 2024, Petitioners filed the Declaration of Kurt Wayne Hansson, Esq. and Exhibits 1, 2, and 3. Dkt. No. 6. On April 9, 2024, the Court ordered Petitioner to "file and serve any additional materials with which they intended to support their [Petition] by April 22, 2024." Dkt. No. 9. On April 10, 2024, Petitioner properly served the Petition, Summons, Civil Cover Sheet, Memorandum of Law, Declaration of Kurt W. Hansson, and the Court's April 9 Order upon Respondent Voice Tele Services Inc. ("Respondent"). *See* Dkt. No. 12. To date, Respondent has neither appeared in this action nor responded to the Petition, and has not otherwise sought relief from the Award.

The Court must treat the Petition, even though unopposed, "under the legal standards applicable to a motion for summary judgment." *Dirs. Guild of America, Inc. v. Nat'l Broad. Co. Inc.*, 22 Civ. 1770 (PAE), 2022 WL 2129052, at *2 (S.D.N.Y. June 14, 2022) (collecting cases) (discussing applicable legal standards for analyzing unopposed petitions to enforce arbitration awards). After reviewing the Petition and the supporting materials, the Court finds that there is no genuine issue of material fact precluding summary judgment as to all portions of the Award, as the Arbitrator's decision provides more than "a barely colorable justification for the outcome reached." *Id.* (internal citations omitted). Nor is there any justification under Section 10(a) of the Federal Arbitration Act for vacating the Award.

Accordingly, IT IS ORDERED AND ADJUDGED that the Petition is GRANTED, the Award is CONFIRMED, and judgment is entered in favor of Petitioner and against Respondent as follows:

1. Confirming the Award in all respects;

2. Petitioners shall have judgment against Respondent in the amount of **$379,799.26**, plus post-judgment interest, which includes the following:

    a. The amount of the Award, **$345,836.50;**
    b. Interest from April 7, 2023, the date of the award, to the entry of judgment, at an annual rate of 6.75%, in the sum of **$33,962.76**; and
    c. Post-judgment interest in the statutory rate of 9.0% per annum, pursuant to CPLR §§ 5003 and 5004.

Dated: September 19, 2024

    New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge